I have two motions to make, so I will pass the presiding gavel to my colleague, Judge Moore. The court would recognize Judge Lynn for his motion. Thank you. I have the pleasure this morning of moving the admission of two of my law clerks, and I have worked with them for just over a year. I'm fully acquainted with their capabilities. They're outstanding. They've done a terrific job. They've made a substantial contribution to the work of my chambers and to the work of this court, so I'm pleased to move their admission. With that, I move the admission of Amy Graywitt, who is a member of the Bar and Good Standing of the Highest Court of New York. I also move the admission of Aaron Nathan, who is a member of the Bar and Good Standing of the Highest Courts of California and the District of Columbia. I have knowledge of their credentials, and I'm satisfied each possesses the necessary qualifications. Is there any objection from my colleague? I was a little dubious at first, but Judge Lynn is such a good advocate that I have no objection. The motion is granted. I'd ask you to turn and face our deputy clerk. All right. Very good. We will now hear argument in the first of three cases, Appeal Number 2011-7157, Hilliard v. Kinseki. Mr. Carpenter, good morning. Nice to see you again. Thank you very much. May it please the Court, Kenneth Carpenter, appearing on behalf of Mr. Joseph Hilliard. Mr. Hilliard appeals the decision below regarding the interpretation of the term issue as defined in 38 CFR 20.1401A and as used in 20.1409C. This case turns on the meaning of that term as it is used in the context of an issue that is decided in the matter before the Board. This requires this Court to analyze... We have to figure out whether it means claim or theory, right? That's correct. Well, actually, Your Honor, I believe it means both, but in the context of requests for revision, it means theory only. I guess, but the ground is not free and clear for us because you have the VA with a clear interpretation on their end, right, and the Federal Register where they clearly articulate and even give examples, and don't we have to provide deference to the agency based on their interpretation, which it seems to me was made deliberately with thought, with notice and comment. I mean, this wasn't a litigation position, for example. So don't we have to give deference to that? Well, you have to give deference to it to the extent to which it is a reasonable interpretation, and I think it is a reasonable interpretation in the narrow, excuse me, in the context of a claim for compensation. However, in the context of, and by that I mean a decision made by the Board in a claim for compensation. However, in a decision made that is predicated on 38 U.S.C. 7111, you're dealing with a request for revision, and both this Court and the Court below have recognized that a request for revision is not a claim, and therefore, the legislative history or the interpretation that is suggested by the comments made in the rulemaking by the VA simply do not address that issue or that question. What do you think we did in DVA? Tell me what you think our discussion of this provision and ultimately endorsing of this provision was meant to do. Well, I think all it did was to say that it was a valid exercise by the Secretary of his rulemaking authority. It did not analyze whether or not the term issue meant anything beyond what the plain language of that articulated in the regulation said. In other words, it wasn't at issue in the rulemaking. It is now squarely at issue in this case. So we have this unusual landscape, as Judge Moore mentioned, with the history of some commentary both in the rulemaking, in the DAV case, in the Andrews case, in the Andre case, in the Robinson case, and oddly enough, we were talking about the word issue. An issue is a matter, is a matter of claim, and all of this is in the context of clear and unmistakable error. That's correct, yeah. So it seems to me that if, I mean, it makes a lot of sense to me that when you're talking about clear and unmistakable error, that you're looking at the And obviously, once that error is addressed, you can't relitigate. You can't file another Q claim for the same error. And that's the question here, Your Honor, is whether that is the same error or whether a different theory describes a different error. And this case, this court's case law in Andre and in Andrews makes clear that each theory is a separate basis for an allegation of error because there is a specific pleading requirement imposed upon those individuals originally by regulation and eventually codified by statute, in which you must make a specific allegation. And this court was confronted in Andre with the question of whether or not you were limited to that specific allegation. And the government got up in front of this court. But wasn't Andre a circumstance where it was before the RO? That's correct, Your Honor. The question was being raised. And you can hold your board appeal forever. You can do it anytime. So the board actually, I mean, the VA actually warns that you need to bring your board appeal and you need to make sure you've got all of your bases for objecting, all your Q bases together before you come to the board. Isn't that a distinction between what happens before the RO and what happens before the board? No, Your Honor. I don't think so. 5109 capital A, the codification of 3.105A covered the request for revision as it existed only in regulation as it applies to decisions that are final that were made by the board. Those are decisions that were never appealed to the board. So the irony here is that if you don't exercise your right to appeal to the board, then you have the right under Andre and Andrews to file repetitive claims so long as you make, or excuse me, repetitive allegations so long as you make a different theory or present a different theory. A board request for revision is based upon a decision that was appealed from the regional office and became final once the board made a decision, and either that decision was not subject to judicial review because it was too early in time, or it was never appealed for judicial review. And therefore, that decision is likewise available for the same type of revision that used to exist in regulation. The VA states its logic for this, which is that, you know, fine, you can go to the RO forever and ever, we'll let you keep doing that, but the board has only a limited capacity. And if you want to go to the board, you want to go to the board in connection with a particular claim or a particular matter, you just do it once. You get all your Q claims together, and then you go to the board. Isn't that what the VA explains in the Federal Register that they intend to have happen? Well, I don't believe so. I don't believe that there is any specificity that refers to getting together your Q claims relative to the presentation. It does talk about preparing all of your arguments, making sure that you're making all of your arguments when you are challenging a board decision. It would be clearly important that a moving party carefully determine all possible bases for Q before he or she files a motion under the proposed subpart, since the effect of a successful challenge is the same no matter when the motion is filed, i.e., the revision has the same effect as if the decision had been made on the date of the earlier decision. There's no particular filing date that must be observed in order to maximize potential benefits. I mean, they specifically state you've got plenty, you can bring them anytime you want, so get them all together, marshal them before you come to the board. Why isn't that at least a clear understanding of what the VA wants? Well, because I think that describes the way in which you get prepared for both an attack at the regional office level as well as an attack at the board decision. No, no, no, because this is promulgated rule. This is a comment in response to the promulgated rule 1409, which only deals with board. It doesn't deal with what happens before the RO. This rule is specific and discreetly applicable only to the board. And these are their comments of how this rule should operate in conjunction with board. That's correct, Your Honor. But the question in this case is what does the term issue mean as it is used in 401A and used in 409C for an issue that was the matter decided by the board? So the question here is what is the matter that was decided by the board? Is the matter that was in Andre and Andrews and affirmed again in Robinson in which that has been the clear understanding that you have the right to do that, to present alternative theories and present those theories to the board as well as to the agency. Now they only arose in both Andrews and in Andre in the context of ROQ. There is no comparable regulation for ROQ. So there's room for you to do it, to come back multiple times, to get multiple bites at the apple. But I don't see how you can get around this. 409 is what's applicable and 409 clearly says you get one bite at the apple with the board, period. You get one Q appeal, period. And I appreciate that. And that consistent with this court's case law on what constitutes the issue in a request for revision. And this court has consistently said as has the court below that a request for revision is not a claim. What the court below said was is that it was a claim and should be treated the same as a claim. Isn't it true though that the only way you can get where you want to go is that we now have to say that if we interpret 1409 as the VA does, that then it is no longer a reasonable exercise of their discretionary authority and we have to actually say, would have to overrule DVA to the extent that the DVA gave it blanket blessing. Wouldn't we have to? No, I don't think so, Your Honor, because all DAV did was to say that that was a valid exercise, that they could describe precisely what they described. Nothing was at issue in DAV relative to the question of what does the term issue mean? Is the term issue limiting in the way in which we have now been discussing it here? But what about the Federal Register notice and the discussion about the rule in the Federal Register? Interpretation of the set forth in the... Judge O'Malley was just describing? Judge O'Malley was just describing. In other words, that existed at the time that Judge Schall wrote his decision saying this was a reasonable exercise. Are we to assume that Judge Schall didn't know how it was to be interpreted when he said it was a very clear definition? No, but by the same token, that was in 1999 and we have Andre in 2002. But Andre and Andrews are RO cases. They aren't cases that deal with ultimately in Robinson suggested that there was any distinction that was being made on the basis that that was an ROQ claim. Yes, in fact, they were in each of those. There's a whole different regulatory scheme. These regs don't apply to RO claims. There is no regular... I'm sorry, Your Honor. That's okay, but there are with regard to the boards, so you have to labor under these regs. That's correct, Your Honor. They're irrelevant in Andre and Andrews. Isn't our obligation to assume that that's the case because otherwise we would have a panel of this court overruling Judge Schall's decision? I simply cannot accept that there is anything overruling what Judge Schall did in DAV with an interpretation of the meaning of the term issue. That's what was decided above below. That's what the Veterans Court hung its hat on in terms of its determination that the term issue was equatable exclusively or entirely to claim. But Judge Schall actually said by defining issue as a matter on which the board made a final decision, the rule makes it possible for a claimant to bring a separate CUE claim with respect to each distinct claim addressed in a board decision. I mean, he specifically was looking at the concept of issue, matter, claim. He looked at the definition. I mean, he had to have looked at the Federal Register. And it is in each distinct claim. So your argument is that each distinct claim is a distinct, each distinct theory is a claim in the context of a CUE motion as opposed to a claim filed for benefit. Right. This court and the court below have consistently held that a request for revision is not a claim. It is a procedural device to undo the finality. In Robinson, it talks in terms of each new theory of CUE is independent for race judicata purposes. So it seems to me that you have to grapple with that underlying conflict that exists here, that tension that exists between the way in which you characterize a request for revision as something other than a claim and the fact that you would deny veterans who exercise their right of appeal more than one opportunity for presenting different theories of CUE when those veterans who did not exercise their right of administrative appellate review have an unlimited right. But Robinson wasn't even a CUE case. It had nothing to do with CUE. Judge Dyke, in that opinion, just discussed the None of the comments he made about interpreting CUE were necessary to anything he had to do for deciding that case. That's absolutely right, Your Honor, except to the extent that it reaffirmed the existing jurisprudence of this court based upon Andre and Andrews that what the issue is in a request for revision is that specific pleading. If you impose a specific pleading, and that's what has been imposed upon claimants who seek to make a request for revision that they have to make a specific pleading, then you have to say that the issue is that specific allegation or theory of clear and unmistakable error. We've chewed up your rebuttal time, but I will restore your rebuttal time. Let's hear from the government and let's give Mr. Hughes a chance. Well, clearly, we feel that the question of what was meant by issue versus claim versus matter was squarely presented to the court in DAV and was determined by the court in DAV. The DAV was just concerned, though, with whether the regulation was valid or not, whether it was arbitrary. It didn't directly decide the issue before us, did it? I think it did. I think that the quotation that Judge O'Malley has referred to in Judge Schall's decision with respect to the definition of issue... This was not Judge Schall's decision, by the way. It was the decision of the court. Oh, sorry. You're absolutely right. But holding at page 694 of the court's decision, where, as Judge O'Malley has already quoted, the court indicated that by defining issue as a matter in which the board made a final decision, the rule makes it possible for a claimant to bring a separate Q claim with respect to each distinct claim addressed in the board decision. But that doesn't really answer the question of what is meant by a claim in that context. Well, we begin with the statute, 7111, which talks about you can challenge a decision for Q. So the whole point of the DAV case was what does that mean? Do you have one challenge to a decision? But decisions can contain several claims. So if you have a claim for a mental disorder and a claim for a knee disorder in the same decision, do you have to bring all of your Q claims for both of the disorders at the same time? And what the rulemaking suggests is, no, you bring your claims for Q, or your motions for Q, based upon each distinct claim that you make. Typically, the claim will be one for service connection. And so in my example, if you have a claim for service connection for a mental disorder and a claim for a service connection for a knee disorder in the same decision, in other words, and as the court is well aware, having probably dealt with these veterans cases for some time, it's very common. Even when claims are separately placed before the regional office, it's common for them to get consolidated for purposes of board review. So the board often reviews more than one claim for service connection or claim for service connection for some injury and maybe an increased rating for an already service-connected condition. So it was important for the agency to define what Congress meant in using the word challenging a decision of the board. And so that's what this court said. It was a proper exercise of the rulemaking authority of the Department of Veterans Affairs to define decision as, well, in the regulation, they defined it as an issue and the issue being a matter decided. What that means is, as they clearly articulated in the preamble that if you are going to challenge a board decision for a cue, as opposed to a regional office decision, you need to make sure you have all your cue arguments about a particular matter decided all organized and brought at the same time. Because contrary to the way the RO process works, we're going to require you to make your cue challenges to the issue decided at one time, whereas it has already been mentioned and as this court has held in Andre and Andrew's and referred to in Robinson, that's not the case with the regional office. So in your hypothetical, when you're talking about a decision that encompasses two different claims, a claim for an ankle injury and a claim for some sort of PTSD, for example, that each of those two claims could be subject to a separate cue. Absolutely. In other words, the decision on one cue motion relating to the ankle injury would not foreclose the decision on PTSD. They would be separate issues before the board, and frankly... But just to continue the hypothetical, so that within a particular claim, for example, the ankle injury, you couldn't come back and say, well, fine, there's cue in the ankle injury because there was an improper interpretation of the law, and then two years later file another cue claim saying, no, there was an improper fact determination relating to that. And that hypothetical, as Judge Moore indicated, is exactly what's in the preamble to the proposed rulemaking at JA-12 of the appendix, where this hypothetical says, if a party challenged a decision on service connection for failing to apply the proper diagnostic code in the schedule for ratings, so they're challenging the decision on a service connection. That's the issue, right? And the first argument that they make, as identified in JA-12, is that you failed to follow the proper diagnostic code in the rating schedule. And then the other argument that they say, and the board denies that motion, says no, they filed the right one. And then a subsequent motion which alleged the board failed to apply the presumption of sound condition at the time of entering into service, which, curiously, is the second argument that we have in this case, but it's with respect to the same request for prejudice, according to the preamble's characterization of what the regulation was designed to accomplish. It's true, though, that in DAV, that this piece, this discussion, was never put forth in the opinion. I mean, it's not clear from the opinion that, in fact, this interpretation was ever at issue in DAV, or ever considered by the court. I mean, I think in our brief, this is why we included in our brief, pages 12 and 13, where the parties clearly identified this as the issue. So the question is, this was an issue that was adjudicated, if you will, by this court. And if you look at page 13, in the reply brief of Nova, who was one of the petitioners in that facial challenge, Nova contends, and this is a quotation from their brief, Nova contends that by defining the term issue, as has been provided for in this regulation, interprets the statute favorable to the agency, so as to limit cue challenges, rather than favor cue challenges under multiple theories. I don't think you can get any more plainer as to, they understood. Well, and that's a good segue, because after that quote that I read before, to Mr. Carpenter, there is a sentence that is a little confusing to me, where we say, thus, the VA resolved the ambiguity in 38 U.S.C. 7111, in favor of the veteran. So if we are saying that we are reading the regulation in the way that the VA did, and the way that you're asking us to now, wouldn't that be, wouldn't we have to say that it's not really in favor of the veteran? But it is. Because remember, what's at, and I pardon, pardon me for using the term issue, but what was at issue, was the definition of decision in the statute. And it was, and that was what the court was analyzing. The VA was trying to further define decision. So when 7111 refers to 7111A, a decision by the board subject to revision on the grounds of clear and unmistakable error. That's what I was sort of alluding back to what I started with. The decision could encompass more than one claim for service connection, or could include a claim for service connection and a claim for an increased rating of an already service-connected disability. So that's how the VA is operating. Now we have, that's the big picture. In other words, the plain language is favorable to the veteran because the decision ultimately concluded they could bring two different claims at two different times. Exactly. Two different claims at two different times when that decision contains multiple claims. It could have been worse for the veteran. Could have been much worse. It could have been, you have to bring. All at once. All at once, you have to bring all your claims regarding anything that was the subject of the decision. So what VA says is, if you will, take the middle road between the plain language of the statute and what had been, and continues to transpire as this court recognized in Andre, at the RO level, and said, we're going to allow you to bring multiple true challenges, but when you bring a challenge to an issue decided, or matter decided by the board, in other words, typically service connection, you have to bring all of your theories at that time. As the veteran court said, though, this is hardly a model of clarity because you take the word decision and then you say, okay, we look at the issue, and issue equals matter, and matter equals claim, and we don't define any of those. We just say they all equal each other. And then we have, even later in the same decision, there is a reference to a particular claim of CUE, and that would seem to support the notion that we're talking about a theory relating to the CUE. Right. But that's not what's happening because, I mean, in the context of the VA, clearly, I think when you step back and say, well, stepping back from the DAV decision, and then you're just looking at the regulation as if this was the DAV court sitting, and you look at the preamble that we referenced earlier, it's clear that the agency has provided its interpretation of its regulation, and that means you can't make multiple theories seriatim. You have to bring your multiple theories on the same issue at the same time. And that, you know, would support a particular deference, which... It would have been nice if the agency used the word theory, right? Somewhere in the, yes. I will step back one... What's your take on the discussion of theories in Robinson? Well, I think that the discussion of theories in Robinson is predicated mainly on Andre and Andrews. This was, I mean, I remember Andre... You know, in the very next session, he said, you know, it's hard for a receipt like to form not only a C. I mean, I feel like it's all mushed together there. Yeah. It's kind of hard for me to understand how to distinguish. Well, so the legally easy way to distinguish it is to say that it didn't involve a Q claim, as I think you might have pointed out earlier. So, and I do think like... That may be the only thing. It may be. As the Veterans Court noted, I mean, that was sort of the basis for the Veterans Court sort of avoiding the holding in Robinson. But again, I think the Veterans Court is probably correct, although I... Well, the discussion of the theories is not really a holding in Robinson. No. And I think, as was indicated earlier, what we're talking about here was for the purposes of the Robinson decision, there was an attempt to distinguish between direct claim and a Q claim. And so that's certainly the case with respect to RO decisions, which... By the way, there is a regulation dealing with ROQ. That's 3.105, which has existed since the 30s and was not changed following the statutory codification of Q at even the RO level. But what was changed was... Or not to deal with how to implement what was then, I guess, well, new given this court's 1994 decision in Smith, ability to challenge board decisions for Q. And so the board has its rationale. It was presented to the court. We believe that it was plainly identified as an issue by the parties, and we believe the court actually does address it in the manner that we wanted it addressed, in that it was defining the term decision from the statute to mean something less than a decision, but not down to the level of theory. I agree it would have been better if everyone had, as at least one or two of the parties in the briefing, used the term theory to distinguish why they thought it was not an appropriate regulation. The court using the theory would have made this a very simple case, but I still think that the decision fairly represents what the agency intended in implementing the statute. So, are there any other questions? All right. Thank you very much, Mr. Hockey. Mr. Carpenter. Thank you. I would suggest that the imprecision of the usage and or definition of terms is at the heart of this case. That nowhere is there a clear definition of issue, and the definition of issue implicates another term for which there is no definition, which is matter, and then we have the whole question of claim. What I think is critical in the understanding of this case is that it is not a rule challenge. Mr. Hilliard has not attacked the validity of this regulation. He has simply said that the court below has misinterpreted the term issue, and that the requests for revisions under 7111 are not claims, and as such are treated as a matter of law differently, and that DAV does not resolve this, and that it is up to this court to simply look at this language and determine whether or not the language used, whether the issue in the matter decided by the board refers to the theory or the specific allegation that is presented, or it refers, as the court below suggests, more broadly to the underlying claim. And that's what Mr. Hockey tried to persuade you of, that this is the distinction between the claim for PTSD and the claim for the ankle condition, but that is not what is at issue here. It is at issue whether or not issue means a theory or a specific allegation, and it can mean nothing else under this court's case law. Unless there's any further questions, thank you very much. All right. Thank you. The case is submitted.